(843 P.2d 737)

No. 67,304

MARION J. FUSARO, *Appellant,* v. FIRST FAMILY MORTGAGE COR-PORATION, INC.; AMERICAS MORTGAGE SERVICING, INC.; LITTLE & COMPANY; CLARENCE N. ARTZER; and CLARENCE G. ARTZER, *Appellees.*

Opinion filed December 18, 1992.

*Robert E. Hiatt, Eugene W. Hiatt,* and *John M. Cassidy,* of Hiatt & Hiatt, Chtd., of Topeka, for appellant.

*Gerald L. Goodell* and *N. Larry Bork,* of Goodell, Stratton, Edmonds & Palmer, of Topeka, for appellee Americas Mortgage Servicing, Inc.

*Steven K. Johnson,* of Fisher, Patterson, Sayler & Smith, of Topeka, and *David J. Holdsworth,* of Romney & Condie, of Salt Lake City, for appellees Little & Company, Clarence N. Artzer, and Clarence G. Artzer.

Before BRISCOE, C.J., PIERRON, J., and M. KAY ROYSE, District Judge, assigned.

PIERRON, J.: This court has accepted plaintiff Marion J. Fusaro's interlocutory appeal to determine what standards a trial court should apply when considering a motion to amend a pleading to request punitive damages pursuant to K.S.A. 1991 Supp. 60-3701, K.S.A. 1991 Supp. 60-3702, and K.S.A. 1991 Supp. 60-3703.

The following uncontroverted facts were adopted by the trial court in its letter opinion dated August 14, 1991:

In November 1989, defendant Americas Mortgage Servicing, Inc. (AMSI) foreclosed on plaintiff's home. In March of that year, prior to foreclosure and without notifying Ms. Fusaro, AMSI contracted with defendant Little & Company, which subsequently contracted with defendants Clarence N. Artzer and Clarence G. Artzer to winterize and secure Fusaro's house. Ms. Fusaro was not residing in the house at the time because the residence had been extensively damaged in a fire the previous year. However, the house was being renovated and the plaintiff anticipated moving back into it. Foreclosure proceedings had not begun, the plaintiff was not notified of the Artzers' entry, and no court order authorizing the entry was obtained.

The plaintiff filed her original pleading involving claims for trespass, conversion, and outrage on October 6, 1989. She filed a motion to amend and an amended pleading on May 17, 1990, pursuant to K.S.A. 1991 Supp. 60-3703, requesting punitive damages. A second amended pleading was later filed. Neither pleading was approved by the trial court before it was filed. A great deal, and possibly all, of the discovery was completed before the court ruled on the motion. The plaintiff filed a fairly extensive affidavit, as did the defendants.

On April 1, 1991, the trial court ruled:

"To prevail on her punitive damages claim the plaintiff must prove through *clear and convincing evidence* that the defendant acted with 'willful conduct, wanton conduct, fraud or malice.' K.S.A. [1991 Supp.] 60-3701. Although Ms. Fusaro alleges such conduct in her petition, *there is no clear or convincing evidence in her affidavits or those of the defendants* to support such a claim."

The plaintiff filed a motion for reconsideration, arguing the trial court had used the wrong standard to determine whether the plaintiff had met the burden to allow the amendment. The motion was denied.

The sole issue presented in this interlocutory appeal is whether the trial court properly interpreted K.S.A. 1991 Supp. 60-3701, 60-3702 and 60-3703 in ruling on plaintiff's motion to amend her pleading to request punitive damages. This court must determine what quantum and quality of proof should be required to allow such an amendment.

Statutory interpretation is a matter of law. Statutes must be construed harmoniously and with the goal of achieving legislative intent. *Todd v. Kelly,* 251 Kan. 512, 515-16, 837 P.2d 381 (1992). When interpreting questions of law an appellate court is not bound by a lower court's decision. *Memorial Hospital Ass'n, Inc., v. Knutson,* 239 Kan. 663, 668, 772 P.2d 1093 (1986).

This is a case of first impression in Kansas. We have found no helpful precedent in other states.

In 1988, as part of a tort reform movement, the Kansas Legislature amended the rules of civil procedure. It was directed that an original petition in a case should not state a claim for punitive damages. Rather, the plaintiff must seek leave of the court to amend the petition in order to claim punitive damages. The amendment must take place prior to a pretrial conference. This requirement was put into place to eliminate the possibility that a plaintiff could inappropriately use the threat of punitive damages as a lever to settle a claim.

Proponents of the legislation alleged that a plaintiff will frequently include a punitive damages claim, knowing the defendant's insurance company will refuse to cover exemplary damages. This causes the defendant to pressure the insurance company to settle the underlying claim in exchange for dropping the punitive damages issue. The legislature felt the new procedure would eliminate the "club" of punitive damages, hence leading to a reduction in insurance rates. (See transcript of House floor debate, February 25, 1988.)

K.S.A. 1991 Supp. 60-3703 states that a court may allow the amended pleading to be filed "on a motion by the party seeking

the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim pursuant to K.S.A. 60-209 and amendments thereto."

K.S.A. 1991 Supp. 60-209 contains two potentially applicable subsections. Subsection (b) requires a party to plead fraud or mistake with particularity. Other conditions of the mind, including malice and intent, may be averred generally. Subsection (g) deals with pleading special damages. It requires that when a party claims special damages, "their nature shall be specifically stated."

In this case, all parties allege that the applicable section of K.S.A. 1991 Supp. 60-209 is subsection (b), conditions of the mind. The plaintiff argues that the subsection regarding conditions of the mind in 60-209 allows a general averment of conduct which indicates punitive damages are appropriate; therefore, any evidence which supports this pleading is sufficient and the court erred by requiring the plaintiff to show clear and convincing evidence. The defendants argue that before a motion to amend is allowed the plaintiff must prove willful or wanton conduct, fraud, or malice by clear and convincing evidence. They derive this standard by combining 60-209, 60-3702 and 60-3703.

Requiring the pleading to conform to 60-209(b) would be irrational. There would be no point in requiring affidavits to support a general condition of the mind if the legislature has already determined these conditions may be pled without particularity.

While it is clear that there must be evidentiary support to establish the basis for punitive damages, the standard of proof is more difficult to ascertain.

The defendants interpret the statutes to require the plaintiff to show she has undisputed "clear and convincing evidence" to support a claim for punitive damages. They derive this standard from K.S.A. 1991 Supp. 60-3702(c), which requires a plaintiff to prove by "clear and convincing evidence in the initial phase of the trial" that he or she is entitled to punitive damages. If the plaintiff cannot meet this burden, the court must dismiss the punitive damages claim.

In order to apply this standard, the defendants argue the motion to amend under K.S.A. 1991 Supp. 60-3703 should be treated like a motion for summary judgment under K.S.A. 1991 Supp.

60-256. The plaintiff also argues this would be appropriate. Their arguments are based on the procedural facts of this case.

Extensive discovery had taken place before the court ruled on the 60-3703 motion. Motions for summary judgment were being considered simultaneously with the 60-3703 motion. All parties argue that, because the court had copious information available to it, it was appropriate to consider the information. The plaintiff also argues she should have had a chance to present witnesses.

The *only* evidence required by the statute is affidavits of the parties. These affidavits are merely one party's rendition of the facts. The nature of an adversarial proceeding is such that each party usually perceives the facts in a different way. It is unlikely there will be undisputed "clear and convincing evidence" based solely on affidavits in all but the rarest of cases.

The defendants contend the trial court's finding of a lack of clear and convincing evidence was supported by the facts and was appropriate procedurally. The defendants argue that *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986), supports their interpretation of 60-3703. They assert the holding in *Anderson* requires a court to consider what level of proof will be required at trial when ruling on a pretrial motion. They argue that it is appropriate for a trial court to weigh the evidence before allowing a 60-3703 amendment.

In *Anderson* the United States Supreme Court was considering the standard of proof required for a motion for summary judgment. The Supreme Court held that when considering a motion for summary judgment, a court must consider the evidence in light of the burden the moving party will bear at trial. *Anderson* was a libel case involving a limited purpose public figure. At trial the plaintiff was required to prove actual malice by clear and convincing evidence. The Court held:

"When determining if a genuine factual issue as to actual malice exists in a libel suit brought by a public figure, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability under *New York Times*. For example, there is no genuine issue [of material fact] *if the evidence presented in the opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find actual malice by clear and convincing evidence.*" 477 U.S. at 254. (Emphasis added.)

The defendants argue this statement requires a court to weigh the evidence and determine whether it is clear and convincing to the court. However, the Supreme Court clearly states a trial court is *not* to usurp the role of the jury. The Court ruled "[c]redibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." 477 U.S. at 255.

The Court further clarified the clear and convincing "consideration" when it stated:

"[W]here the *New York Times* 'clear and convincing' evidence requirement applies, the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." 477 U.S. at 255.

K.S.A. 1991 Supp. 60-3703 requires a plaintiff to show a "probability that the plaintiff will prevail on the claim pursuant to K.S.A. 60-209." A probability requires more than a mere possibility, but is significantly less than a certainty that there be "clear and convincing" evidence or whatever standard is appropriate. See Black's Law Dictionary 251 "clear and convincing proof," 1166 "possible," and 1201 "probable" (6th ed. 1990).

The level of proof required under K.S.A. 1991 Supp. 60-3703 is "a probability that the plaintiff will prevail." The standard which appears to be most logical is that which would be applied if a summary judgment motion or motion for directed verdict would be filed by the *defendant*. Under this process the evidence in the affidavits would be reviewed by the court, and if it appeared that a jury might reasonably find for the *plaintiff* the amendment would be allowed.

Actual evidence and not just averments would have to be present or the statute would be mostly meaningless. If evidence from which a jury could reasonably find for the plaintiff on the issue of punitive damages is present, the court would allow the amendment. Without the presence of evidence which would justify a verdict for the plaintiff on the issue of punitive damages, the amendment would not be allowed.

If the standard for the jury is "clear and convincing" evidence, the court's standard is whether a jury could reasonably find that

the evidence is clear and convincing and not whether the court found it so. Obviously, sufficient discovery to outline the material facts in the case must be accomplished before a motion to amend to request punitive damages can be ruled upon appropriately.

Using this procedure, we believe the rights of the parties and the intent of the legislature are preserved. The plaintiff must show there is actual evidence which will reasonably support a verdict for punitive damages before being allowed to plead them. On the other hand, the sufficiency of the evidence is not judged solely by the court except on the level of whether a jury could reasonably rule for the plaintiff.

In the instant case it is not clear if the trial court was determining whether the evidence was clear and convincing to the court or whether it could be considered clear and convincing by a reasonable jury. The matter is remanded for a determination of whether the evidence presented in the affidavits could reasonably support a jury verdict for punitive damages.

Reversed and remanded.